The Judges,
after duly considering this case, were of opinion, that the motion should be refused, on the ground that it evidently appears from the circumstances of this case, that the defendant kept a shop, and carried on business in her own name, apart from her husuand, (if she ever had *338 one,) and in which he never intermeddled for the space of ten or twelve years, which constituted her a sole dealer at common law, as was determined in the case of Newbiggin v. Pillans and Wife; consequently, as such, she was liable on her own contracts.
Secondly. That coverture ought to have been pleaded in abatement, as laid down by Lord Kenyon, in 3 Durnf. and-Past.
And, lastly. Because it would be a most dangerous thing to set aside a judgment and proceedings twelve years after final judgment was signed and entered up; there would be no end to applications of this sort, if once a precedent was established for that purpose. That the writ of error was unknown in this country; it never was in use, and indeed it is totally unnecessary, because every advantage which could be derived from that process may be obtained by motion in this court, if its rules and proceedings are adhered to; but if pat ties will not bring themselves within those rules in time, it is their own faults, and they must abide the consequences of it.
Let the rule for setting aside the judgment in this case be discharged.
Present, Grimke, Waties, Bay, Johnson and Treze* VAST.